IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUSING GROUP OF COMPANIES, )
INC., )
      Plaintiff, )
       )
   v. ) Civil Action No. 07-1277
       )
AUCTION 123, Inc., )
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,                 January 14, 2008
District Judge

    This is a dispute between two competing businesses that offer marketing services to car dealerships that sell vehicles via the Internet. Plaintiff, Husing Group of Companies, Inc., accuses defendant, Auction 123, Inc., of illegally copying and using the photographs it takes of these vehicles. Husing Group seeks an order prohibiting Auction 123 from using or displaying copies of its photographs and requiring Auction 123 to immediately destroy all copies of Husing Group's photographs. Husing Group also seeks damages.

    Auction 123 removed the case to this court from the Court of Common Pleas of Allegheny County, Pennsylvania. Nearly a month after Auction 123 filed its notice of removal, Husing Group filed an amended complaint. The next day, Husing Group filed a motion to remand on the ground that federal jurisdiction no longer existed because the amended complaint eliminated all claims under the Copyright Act and contained only Pennsylvania state law causes of action [doc. no. 4]. According to Auction

123 its notice of removal was proper because the original complaint asserted a claim under the Copyright Act. Auction 123 contends that Husing Group cannot defeat jurisdiction by amending the complaint after removal to eliminate the federal claim.

For the reasons set forth below, the motion to remand will be denied. The parties will proceed in accordance with the scheduling order of this court, to be entered in due course.

I. BACKGROUND

Husing Group, which operates as AutoUpLink of Pittsburgh, provides services to car dealerships that sell vehicles via the Internet. Husing Group takes multiple pictures of each vehicle that a car dealership wishes to sell. Husing Group then posts the pictures on Internet for the dealership. Husing Group charges the car dealerships a fee for this service.

Auction 123 operates a competing business. Recently Auction 123 began offering its services to Husing Group's customers, but at a lower price. According to Husing Group, Auction 123 is able to offer its services at a lower price because Auction 123 never incurs the expense of visiting each car dealership, taking numerous pictures of the vehicles to be sold on the Internet, and uploading them to the Internet. Instead, Husing Group alleges that Auction 123 finds the photographs that Husing Group has posted on the Internet, and copies them. Auction 123 has not yet answered these substantive allegations.

Husing Group originally filed this action in state court on September 7, 2007. The two count complaint alleged copyright infringement and tortious interference with contract. Husing Group sought emergency injunctive relief. However, the hearing on that request was postponed when Auction 123 objected to the state court's ability to adjudicate a federal copyright claim. Husing Group responded that its case was really one sounding in unfair competition and tortious interference, not copyright. Husing Group indicated that it would amend its complaint in the state court to remove the copyright claim, thus avoiding the issue of federal jurisdiction. However, before Husing Group filed the amendment, Auction 123 filed a notice of removal claiming that this court had federal question jurisdiction over the Copyright Act claim.

About a month later, Husing Group filed an amended complaint. The amended complaint contains four counts: conversion, trespass to chattles, tortious interference with contract, and unfair competition. Although Husing Group no longer asserted a count entitled "copyright infringement", the substantive allegations of the conversion count in the amended complaint are nearly identical to the allegations made in the original complaint. Notable differences are the removal of any reference to the Copyright Act (see ¶ 16), and the inclusion of the words "and improperly converted" (see ¶ 12).

A day after filing its amended complaint, Husing Group filed a motion to remand. According to Husing Group, because it

3

eliminated the Copyright Act claim, and now asserts only state law claims, "this Court no longer has jurisdiction over this matter." Auction 123 opposes the motion to remand on the ground that a plaintiff may not amend a complaint to eliminate federal claims after a case has been removed in order to defeat federal jurisdiction.

II. <u>LEGAL AUTHORITY</u>

When parties dispute whether subject matter jurisdiction exists on removal, defendant bears the burden of proving the statutory requirements. <u>Samuel-Bassett v. KIA Motors Amer., Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004); <u>Columbia Gas Transmission Corp. v. Tarbuck</u>, 62 F.3d 538, 541 (3d Cir. 1995). In removal cases, subject matter jurisdiction is to be determined from the face of the complaint and on the basis of the record in the state court at the time the petition for removal is filed. <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537-38 (1939); <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 145 (3d Cir. 1993); <u>Westmoreland Hosp. Ass'n v. Blue Cross of W. Penn.</u>, 605 F.2d 119, 124 (3d Cir. 1979); <u>Albright v. R.J. Reynolds Tobacco Co.</u>, 531 F.2d 132, 135 (3d Cir. 1976).

On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, the removal statutes are to be strictly construed against removal, with all doubts being resolved in favor of

remand. Samuel-Bassett, 357 F.3d at 396; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

III. DISCUSSION

We are to consider the propriety of removal based on the facts and circumstances as they existed at the time the notice of removal was filed. Pullman, Shiley, Westmoreland Hosp., Albright. At the time Auction 123 filed its notice of removal, Husing Group's complaint included a claim for copyright infringement. This court has original jurisdiction over civil actions arising under the Copyright Act. 29 U.S.C. § 1338(a); see also 29 U.S.C. § 1338(b) (giving district courts original jurisdiction over related unfair competition claims). Thus, Auction 123 had a valid ground on which to remove. 29 U.S.C. § 1441(b). We are not persuaded by Husing Group's arguments that the removal was improper, or later became improper, because it has now replaced the copyright infringement claim with a conversion claim. We find several flaws in Husing Group's position.

First, as a general rule of law, subsequent amendments made to destroy federal jurisdiction do not transform a proper removal into an improper removal. Shiley, 989 F.2d at 145 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293-94 (1938)); Westmoreland Hosp., 605 F.2d at 123. This rule is intended to prevent strategic manipulation of the federal court's jurisdiction. New Rock Asset Partners, L.P. v. Preferred Entity

Advancements, Inc., 101 F.3d 1492, 1503-04 (3d Cir. 1996). There is no question that Husing Group amended its complaint for the purpose of avoiding federal jurisdiction. Therefore, we find that Husing Group's amendment, after removal, cannot divest this court of jurisdiction.

Second, even were we to consider the amended complaint as the operative complaint for our removal analysis, we would still deny the motion to remand. Under the "well-pleaded complaint" rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint. See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-12 (1983); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). However, there are exceptions to this rule. The first is the doctrine of complete preemption,[1] which, unlike defensive preemption, provides a basis for federal subject matter jurisdiction. In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999). The second is known as the artful pleading doctrine, which requires a court to "peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002).

---

1. Because the artful pleading doctrine gives us jurisdiction over the amended complaint, we need not reach the issue of complete preemption. But see 17 U.S.C. § 301(a); Franchise Tax Bd., 463 U.S. at 13 (where a state law claim is really a federal claim in disguise, the doctrine of complete preemption applies).

6

The amended complaint does not include a federal claim on its face. Husing Group has carefully excised any reference to the Copyright Act, or copyright infringement from its complaint. Therefore, under the well-pleaded complaint rule, it would appear that we have no jurisdiction. However, the artful pleading doctrine applies in this case.

The real nature of the amended complaint remains federal, regardless of Husing Group's characterization of it. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2 (1981). As we stated above, Husing Group made almost no substantive changes to the copyright infringement allegations it made in the original complaint. Instead, it removed any reference to the Copyright Act, changed the name of the copyright infringement claim to conversion, and inserted the words "and improperly converted". Such changes, which are not very "artful" in the first instance, do little to disguise the fact that Husing Group is still accusing Auction 123 of copying its photographs and using them in a competing business venture.

This remains a copyright infringement claim, regardless of what Husing Group calls it.[2] We will not allow Husing Group to deny Auction 123 its federal forum with an amended complaint that

---

2.
We need not consider whether the remaining ostensibly state law claims are really federal in character at this time. Because we have a basis for exercising federal question subject matter jurisdiction, we exercise supplemental jurisdiction over the remaining related claims, as they form part of the same case or controversy. 28 U.S.C. § 1367(a).

7

contains a federal claim artfully pled as a state law claim. Goepel v. Nat'l Postal Mail Handlers Union, a Div. of LIUNA, 36 F.3d 306, 310 n.5 (3d Cir. 1994).

IV.   CONCLUSION

For the foregoing reasons, Husing Group's motion to remand is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUSING GROUP OF COMPANIES, INC., | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1277 ) |
| AUCTION 123, Inc., Defendant. | ) ) ) |

ORDER

AND NOW, this 14th day of January, 2008, IT IS HEREBY ORDERED that plaintiffs' motion to remand [doc. no. 4] is DENIED.

BY THE COURT,

_____, J.

cc: All Counsel of Record